MEMORANDUM **
The Administrative Law Judge (ALJ) did not err in relying on Dr. Watkins’s evaluation of Korenica’s mental residual functional capacity. When a claimant objects to being examined by a medical source, the ALJ may reschedule the examination with a different medical source without first determining whether there was good cause for such an objection. See 20 C.F.R. § 416.919j. The regulation, however, does not require the ALJ to ignore the results of the first medical source’s examination. Korenica does not argue that the language barrier affected Dr. Watkins’s evaluation or prejudiced her in any way. Moreover, Dr. Watkins’s evaluation was substantially consistent with Dr. Geaiy’s report.
The ALJ also gave a specific and legitimate reason for crediting Dr. Geary’s narrative report over his check-the-box medical source statement. The ALJ reasonably determined that the statements in the two documents were contradictory, and determined that Dr. Geary’s narrative report was more consistent with his clinical findings and the findings of other medical sources. This is a specific and legitimate reason to reject a portion of Dr. Geary’s report. See Thomas v. Barnhart, 278 F.3d 947, 956-58 (9th Cir.2002). Nor was the ALJ required to recontact Dr. Geary to clarify his opinion merely because the report contained an internal inconsistency. Rather, the ALJ appropriately resolved the inconsistency in the medical record. Id. at 958.
Finally, the ALJ did not err in rejecting poi'tions of Korenica’s testimony. The ALJ provided a number of specific, clear, and convincing reasons for his conclusion that Korenica’s testimony was not entirely credible. Among other reasons, the ALJ found that Korenica’s mood had improved with proper treatment and medication, her physical symptoms were unsupported by objective medical evidence (which undermined her credibility as to her mental health symptoms), and her social isolation was the result of her language barrier, rather than a mental disability. See id. at 959.
*143 Finally, the ALJ did not err in concluding that Korenica is not disabled if she can perform past relevant work in her country of origin. At step four, a claimant who can perform past relevant work is not disabled; it is not appropriate to consider whether the claimant’s previous work exists in the national economy at that step. Barnhart v. Thomas, 540 U.S. 20, 25, 124 S.Ct. 876, 157 L.Ed.2d 333 (2003). Accordingly, the district court did not abuse its discretion by remanding the case to the ALJ to clarify the testimony of the vocational expert as to whether Korenica can perform her past relevant work in her country of origin.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.